## Ignacio MORFIN–BERNABE; Alicia Perez–Lopez, Petitioners,

v.

## Alberto R. GONZALES, Attorney General, Respondent.

### No. 05–70429.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Filed June 21, 2006.

Ignacio Morfin–Bernabe, San Jose, CA, pro se.

Alicia Perez–Lopez, San Jose, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Thomas Fatouros, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

Ignacio Morfin–Bernabe and his wife, Alicia Perez–Lopez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen and reconsider the BIA's prior order dismissing their appeal from an immigration judge's denial of cancellation of removal. To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), and dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider the Petitioners' contention that the BIA erred in concluding that the evidence submitted with their motion to reopen failed to establish the requisite hardship to their United States citizen children. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir.2006) (holding that 8 U.S.C. § 1252(a)(2)(B)(I) bars this court from reviewing the denial of a motion to reopen where the question presented is whether the new evidence altered the "prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations omitted).

Petitioners' contention that the BIA violated their due process rights by disregarding their evidence of educational hardship is not supported by the record and does not amount to a colorable constitutional claim. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) ("a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

constitutional garb.... [T]he claim must have some possible validity.") (Internal quotation omitted).

The BIA was within its discretion in denying Petitioners' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision affirming the IJ's order denying cancellation of removal. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**